[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence September 9, 1994 Date of Application September 9, 1994 Date Application Filed September 30, 1994 Date of Decision May 23, 1995
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford/New Britain, at Hartford.
Docket Number: CR 93-446813;
Stephen Moran, Esq., Defense Counsel, for Petitioner
Carl Taylor, Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
By the Division:
The petitioner, who was 35 years of age at the time of sentencing, entered guilty pleas to one count of Manslaughter, 1st degree (§ 53a-55 (a)(3) and one count of Assault, 1st degree (§ 53a-59(a)(3). The matter was submitted to the Court with the State recommending an effective sentence of 40 years, execution suspended after 35 years, with a 5 year period of probation. Under the terms of the agreement, the petitioner' reserved the right to argue for a lesser sentence. CT Page 6893
The Court imposed sentence as follows:
Manslaughter, 1st degree — 20 years, execution suspended after 18 years, probation for 5 years
Assault, 1st degree — 20 years, execution suspended after 17 years, probation for 5 years, to run consecutively, for a total effective sentence of 40 years, execution suspended after 35 years with probation for 5 years.
The petitioner, on September 30, 1993, in the course of an argument with his wife stabbed her numerous times resulting in her death at the scene. He also inflicted multiple stab wounds to their then one year old daughter. The baby was hospitalized for approximately 2 months both at Hartford Hospital and Newington Children's Hospital. She required neurosurgery and extensive physical therapy. Despite the serious physical injuries the child reportedly has recovered quite well from her physical injuries.
The petitioner was originally charged with Murder, Attempted Murder and Assault. The substituted charge of Manslaughter was likely, premised on a psychiatric report to the effect the petitioner committed the offenses while under the influence of cocaine, thus affecting his ability to have the intent necessary for a murder conviction.
Before this Division, his attorney claims as grounds for considering a reduction the petitioner's background, which includes two years of college, no prior criminal record, a supportive family and a positive employment record. Both he and the petitioner claim the petitioner was addicted to cocaine, that he could not stop the use of it and the crimes were the result of a crack cocaine induced psychotic episode.
The State's Attorney, in arguing against a reduction states that self-induced cocaine use is not mitigating, and that the petitioner knew crack was dangerous because he had previously assaulted his sister supposedly while under the influence of cocaine. He points out that the charge was reduced based on the medical reports and asks that the sentence imposed be affirmed. At the time the plea arrangement was made, the sentencing judge advised the petitioner not to be optimistic about getting less than the cap. CT Page 6894
By his admission, the petitioner has been a substance abuser, including cocaine, for years. His history shows an "other than honorable" discharge from the Marine Corps in 1985 after testing positive for marijuana. His use of drugs led to financial stress in the marriage as his cocaine cost between $300 to $400 per week.
While he has no prior criminal record, we note that possession of narcotics is a felony offense and the petitioner admittedly was using narcotics for years.
He knew that cocaine resulted in violent behavior on his part and despite participating in programs at the Institute of Living and Elmcrest Hospital he continued to illegally possess and use cocaine.
Applying the standard for scope of review of a sentence per Practice Book § 942, and the purposes for which a sentence is imposed, and allowing for the reasonable discretion a sentencing court has, the Division finds the sentence to be appropriate and proportionate. The offenses were the most serious type-the taking of a human life and the horrible infliction of serious physical injury to an infant, as well as the psychological scarring, and the hurt to the victim's family members all lead to the inescapable conclusion that these were heinous crimes. The offender admittedly has been violating the criminal laws of this state for years, and given his poor record of attempted rehabilitations, he is likely to present a continuing danger and threat to others in the future; thus the need for public protection must be considered. The deterrent, rehabilitative, isolative and denunciatory purposes of a sentence are fairly met by the sentence imposed. It is affirmed.
Purtill, Klaczak and Norko, J.s, participated in this decision.